**In re Kathleen Mary GROSS (n/k/a Kathleen Fryling) Debtor.**

**No. 99–16587 B.**

United States Bankruptcy Court, W.D. New York.

Oct. 7, 2008.

Bulan Chiari Horwitz & Ilecki, Morris L. Horwitz, Esq., of counsel, Williamsville, NY, Attorneys for the Debtor.

Upton Cohen & Slamowitz, David Cohen, Esq., of counsel, Syosset, NY, Attorneys for Greenwood Trust Company.

## DECISION & ORDER

BUCKI, Chief Judge.

The debtor has filed this motion under the purported authority of 11 U.S.C. § 522(h), to avoid the lien of a judgment that encumbers her home. The central issue is whether the debtor may avoid this lien, even though she had elected to forego a homestead exemption.

On November 10, 1999, in the Erie County Clerk's Office, Greenwood Trust Company docketed a judgment in the amount of $4,383.43 against Kathleen Mary Gross. Pursuant to New York law, this judgment then became a lien on any real property owned by Ms. Gross in the County of Erie, including her residence at 130 Bellwood Avenue in the Town of West Seneca. *See* N.Y. C.P.L.R. § 5203. Less than ninety days later, on December 1, 1999, Kathleen Mary Gross filed the present petition for relief under Chapter 7 of the Bankruptcy Code. In due course, the trustee filed a "no asset" report, this court issued an order of discharge, and the case was closed. Almost eight years later, on February 27, 2008, this court granted the debtor's motion to reopen this case, for the purpose of filing a motion to avoid the lien of Greenwood Trust Company.

Pursuant to the authority given to states under 11 U.S.C. § 522(b)(2), New York has chosen to establish its own standards for exemption of property from bankruptcy administration. N.Y. DEBT. & CRED. LAW § 284. Most notably, section 282 of the Debtor and Creditor Law and section 5206 of the Civil Practice Law and Rules allowed Ms. Gross to exempt $10,000 of value in real property owned and occupied as a principal residence.[1] Alternatively, Debtor and Creditor Law § 283(2) provides that if a debtor "does not elect, claim, or otherwise avail himself" of the homestead exemption, then that debtor

---

1. In 2005, New York increased the value of its homestead exemption from $10,000 to $50,000. 2005 N.Y. Laws c. 623, § 1. Because Kathleen Mary Gross filed her bankruptcy petition prior to the effective date of the amendment, her homestead exemption would be limited to the lower amount for purposes of the current proceedings.

may claim a cash exemption for a sum equal to the lesser of $2,500 or the difference between $5,000 and the aggregate of various other exemptions in personal property. In the present instance, because her residence had no value above outstanding liens, Kathleen Mary Gross chose to waive the homestead exemption, and instead, to claim an exemption for cash.

Upon the reopening of her bankruptcy case, the debtor filed the present motion to avoid the judgment of Greenwood Trust Company, pursuant to the authority of 11 U.S.C. § 522(h). This section provides as follows:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if— (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and (2) the trustee does not attempt to avoid such transfer.

Now known as Kathleen Fryling, the debtor contends that Greenwood Trust Company obtained its judgment within ninety days of the bankruptcy filing, on account of an antecedent debt and at a time when the debtor was insolvent. Further asserting that the judgment will enable Greenwood Trust Company to receive more than if the judgment had not been taken, Fryling argues that the judgment is a transfer that the trustee could have avoided under section 547 of the Bankruptcy Code. In the debtor's view, therefore, section 522(h) will allow her to avoid the judgment, "to the extent that the debtor could have exempted such property under subsection (g)(1)" of section 522.

In relevant part, section 522(g)(1) provides that the debtor may exempt property that the trustee recovers, "to the extent

that the debtor could have exempted such property under subsection(b) [of section 522] if such property had not been transferred, if—(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property." Ms. Fryling contends that the judgment lien constitutes an involuntary transfer, that she did not conceal ownership of her homestead, and that she could have exempted the homestead if the judgement had not effected a transfer of an interest in the property. Fryling asks the court to conclude that she could have exempted her homestead under section 522(g)(1), and that she may therefore avoid the judgment under section 522(h).

■ The debtor's motion must be denied for reasons both procedural and substantive. Procedurally, Bankruptcy Rule 7001(2) requires that an adversary proceeding be used "to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)." The exception in Bankruptcy Rule 4003(d) permits a debtor to seek by motion the relief allowed by 11 U.S.C. § 522(f), for the avoidance of a judgment that impairs an exemption that the debtor had claimed in his or her bankruptcy proceeding. Having elected not to claim a homestead exemption, the debtor here seeks relief not under section 522(f), but under section 522(h). Accordingly, the present motion is procedurally insufficient to avoid the judgment of Greenwood Trust Company, as Fryling must instead commence an adversary proceeding under Part VII of the Bankruptcy Rules.

■ Even if the debtor had properly presented her request to avoid the judgment of Greenwood Trust Company, the court would deny her motion on its merits. Under 11 U.S.C. § 522(h), the debtor acquires rights only with respect to property that she "could have exempted." Here, the debtor could not exempt her residence

because she had already elected to claim a cash exemption.

Section 522(j) of the Bankruptcy Code clarifies the reference in section 522(h) to property that could have been exempted under section 522(g). Specifically, subsection (j) states that notwithstanding the language of subsection (g), "the debtor may exempt a particular kind of property under subsections (g) and (i) . . . only to the extent that the debtor has exempted less property in value of such kind than that to which the debtor is entitled under subsection (b) of this section." Thus, to the extent that a debtor has exhausted the value that can be exempted as a homestead, the debtor can no longer exempt homestead value that might be recovered as a preference or otherwise.

New York's exemption law is clear in its direction. A debtor may claim either a homestead exemption or a cash exemption, but not both. To the contrary, Kathleen Fryling wants to derive benefits from each alternative exemption. Her proposed interpretation contradicts the limitations of New York law, and must therefore be rejected in accord with the requirements of 11 U.S.C. § 522(j). She may, of course, amend her petition to claim a homestead exemption, in which case the Chapter 7 trustee may wish to administer the cash assets that were in her estate at the time of bankruptcy filing. Otherwise, her decision to claim a cash exemption will preclude any claim to a homestead exemption. Because her residence is not now exempt, the debtor may not assert any avoidance rights under section 522(h).

For all of the reasons stated above, the debtor's motion for relief under 11 U.S.C. § 522(h) is in all respects denied.

So ordered.